# EXHIBIT A

## GUARANTY

**THIS GUARANTY** ("Guaranty") is dated and effective as of the 25th day of November, 2003, by the undersigned, VLADIMIR SKLAROV ("Guarantor"), to NATIONAL CITY BANK OF MICHIGAN/ILLINOIS ("Lender") and has reference to the following facts and circumstances:

A. Pursuant to the terms of the Loan Agreement of an even date herewith, by and between SHARON SKLAROV ("Borrower") and Lender ("Loan Agreement"), Lender has agreed to make (i) a term loan to Borrower in the amount of NINE MILLION SIX HUNDRED THOUSAND DOLLARS ($9,600,000.00) ("Term Loan"), and (ii) a line of credit loan to Borrower in the amount of FOUR MILLION TWO HUNDRED SIXTY-SIX THOUSAND DOLLARS ($4,266,000.00) ("Line of Credit Loan") (Term Loan and Line of Credit Loan are collectively "Loans");

B. The Loans are evidenced by (i) a Term Note of an even date herewith executed by Borrower in the original principal amount of NINE MILLION SIX HUNDRED THOUSAND DOLLARS ($9,600,000.00) ("Term Note"), and (ii) a Line of Credit Note of an even date herewith executed by Borrower in the original principal amount of FOUR MILLION TWO HUNDRED SIXTY-SIX THOUSAND DOLLARS ($4,266,000.00) ("Line of Credit Note") (Term Note and Line of Credit Note are collectively "Notes");

C. Guarantor has a financial interest in the real estate, fixtures, personal property and all other types of property constituting the subject matter of the Loans, and it will be to the Guarantor's direct interest and financial advantage to enable Borrower to obtain the Loans, advances and other financial assistance from Lender; and

D. Lender, as a condition precedent to making the Loans, advances, extensions of credit and/or other financial accommodations to or for the benefit of Borrower, is requiring that Guarantor execute and deliver this Guaranty in favor of Lender and Guarantor agrees to execute and deliver this Guaranty.

**NOW, THEREFORE,** in consideration of the foregoing, Guarantor agrees as follows:

### ARTICLE 1
### DEFINITIONS AND TERMS

1.1 The following words, terms and/or phrases shall have the meanings set forth thereafter and such meanings shall be applicable to the singular and plural form thereof, giving effect to the numerical difference:

(a) "And/or." One or the other or both, or any one or more or all, of the things or "Persons" (hereinafter defined) in connection with which the conjunction is used;

(b) "Borrower's Liabilities." All obligations and liabilities of Borrower to Lender (including without limitation, all debts, claims and indebtedness) for the Loans pursuant to the Loan Agreement, the Notes and any other documents executed by Borrower or any other Person in connection with the Loans, whether primary, secondary, direct, contingent, fixed, or otherwise, heretofore, now and/or from time to time hereafter owing, due or payable, however evidenced, created, incurred, acquired, or owing, and however arising, whether in writing or by oral agreement or operation of law or otherwise;

(c) "Borrower's Obligations." All terms, conditions, agreements, representations, warranties, undertakings, covenants, guaranties, and provisions (other than Borrower's Liabilities) to be performed, observed, complied with or discharged by Borrower or any other Person under the Loan Agreement, the Notes and the Loan Documents; and

(d) "Default." The definition ascribed to this term in Paragraph 5.1, below;

(e) "Person." Any individual, sole proprietorship, partnership, joint venture, trust, unincorporated organization, association, corporation, institution, entity, party or government (whether national, federal, state, county, city, municipal or otherwise, including, without limitation, any instrumentality, division, agency, body or department thereof).

1.2 Except as otherwise defined in this Guaranty, all capitalized terms used herein shall have the definition ascribed therefor in the Loan Agreement.

## ARTICLE 2
## GUARANTY

2.1 Guarantor unconditionally, absolutely, continuingly and irrevocably guarantees to Lender, Borrower's prompt payment, in full, when due or declared due, of Borrower's Liabilities and Borrower's prompt performance of Borrower's Obligations (collectively "Guarantor's Liabilities").

2.2 As a condition to payment or performance of Guarantor's Liabilities, Lender is not required to (a) prosecute collection, or seek to enforce or resort to any remedies against Borrower or any other party liable to Lender on account of Borrower's Liabilities, Borrower's Obligations or any guaranty thereof, or (b) seek to enforce or resort to any remedies with respect to any security interests, liens or encumbrances granted to Lender by Borrower or any other party liable to Lender on account of Borrower's Liabilities, Borrower's Obligations, or any guaranty thereof. Lender shall have no obligation to protect, secure or insure any of the foregoing security interests, liens or encumbrances or the properties or interests in properties subject thereto. Guarantor's Liabilities shall in no way be impaired, affected, reduced or released by reason of (i) Lender's failure or delay to do or take any of the actions or things described in this Guaranty, or (ii) the invalidity, unenforceability, loss of or change in priority or reduction in or loss of value of any of the aforesaid security interests, liens, and encumbrances. Guarantor agrees that Guarantor is directly and primarily liable with Borrower, for Borrower's Liabilities and Borrower's Obligations, subject to the terms and provisions hereof.

# ARTICLE 3
# REPRESENTATIONS, WARRANTIES AND COVENANTS

3.1 Guarantor represents and warrants to Lender that:

(a) The statements contained in the preamble to this Guaranty are true and correct;

(b) This Guaranty, when duly executed and delivered, will constitute a legal, valid, and binding obligation of Guarantor, enforceable against Guarantor in accordance with its terms;

(c) The execution, delivery and/or performance by Guarantor of this Guaranty shall not, by the lapse of time, the giving of notice or otherwise, constitute a violation of any applicable law or any agreement, instrument or document to which Guarantor is now or hereafter is a party or by which Guarantor is or may become bound;

(d) Guarantor, now and at all times hereafter, shall be solvent and generally able to pay Guarantor's debts as such debts become due, and Guarantor now owns and shall at all times hereafter own property which, at a fair valuation, exceeds the sum of said Guarantor's debts;

(e) Guarantor does not intend to incur or believes that Guarantor will incur debts beyond his ability to pay as such debts mature;

(f) There are no actions or proceedings which are pending or, to Guarantor's knowledge, threatened against Guarantor which might result in any material and adverse change in Guarantor's financial condition or materially or adversely affect Guarantor's ability to pay or perform Guarantor's Liabilities;

(g) Guarantor has reviewed independently all agreements, instruments and documents executed by Borrower, and Guarantor has made an independent determination as to the validity and enforceability thereof upon the advice of Guarantor's own counsel, and in executing and delivering this Guaranty to Lender, Guarantor is in no manner relying upon Lender as to the validity and/or enforceability of any security interests of any kind or nature granted by Borrower to Lender;

(h) Guarantor acknowledges and agrees that in executing this Guaranty and at all times hereafter, Guarantor has relied and will continue to rely upon Guarantor's own investigation and upon sources other than Lender for all information and facts relating to the ability of Borrower to pay and perform Borrower's Liabilities and Borrower's Obligations, and Guarantor has not and will not hereafter rely upon Lender for any such information or facts.

(i) There are no pending or, to the knowledge of Guarantor, threatened bankruptcy or like proceedings against or involving Guarantor under the Bankruptcy Code of the United States, or any chapter thereof, or any like statute, state or federal;

(j) There are no lawsuits, proceedings or investigations pending or, to the knowledge of Guarantor, threatened against or affecting Borrower or Guarantor, at law or equity, before any party or governmental or administrative agency or instrumentality which would materially adversely affect Guarantor's ability to repay the Loans; and

(k) There are no defenses, offsets or counterclaims that Borrower or Guarantor have against the Lender and none of such parties is a party to or, to the knowledge of Guarantor, threatened with any claims, causes of action or other proceedings before any court or any other governmental, administrative, regulatory, adjudicatory or arbitrational body or agency of any kind, which, if decided adversely to Borrower or Guarantor, would adversely affect such parties or their ability to repay the Loans.

3.2 Guarantor covenants and agrees with Lender that:

(a) All security interests, liens, mortgages and encumbrances, if any, heretofore, now and at any time or times hereafter granted by Guarantor to Lender shall secure Guarantor's Liabilities;

(b) All indebtedness, liability or liabilities now and at any time or times hereafter owing by Borrower to Guarantor are hereby subordinated to Borrower's Liabilities;

(c) All security interests, liens, mortgages and encumbrances which Guarantor now has and from time to time hereafter may have upon Borrower's assets are hereby subordinated to all security interests, liens, mortgages and encumbrances which Lender now has and from time to time hereafter may have thereon; and,

(d) All indebtedness, liability or liabilities now and at any time or times hereafter owing to Guarantor or Borrower by any party liable to Guarantor or Borrower are hereby subordinated to all indebtedness, liability or liabilities owed by such party to Lender.

### ARTICLE 4
### WAIVERS

4.1 Guarantor waives any and all right to assert against Lender any and all claims or defenses based upon any failure of Lender to furnish to Guarantor any information or facts relating to the ability of Borrower to pay and perform Borrower's Liabilities and/or Borrower's Obligations.

4.2 Guarantor waives all defenses, counterclaims, and offsets of any kind or nature in connection with the validity and/or enforceability of the Loans or this Guaranty, arising directly or

indirectly from the perfection, sufficiency, validity and/or enforceability of any lien, agreement, instrument or document executed and delivered, by Borrower to Lender, or acquired by Lender from Borrower.

4.3 Guarantor waives any and all right to assert against Lender any claim or defense based upon any election of remedies by Lender which, in any manner, impairs, affects, reduces, releases, or extinguishes Guarantor's subrogation rights or right to proceed against Borrower for reimbursement, or any other rights of Guarantor against Borrower, or against any other Person or security, including, without limitation, any defense based upon an election of remedies by Lender under any provision of law or regulation of any governmental entity. Guarantor further waives any principle or provision of law, statutory or otherwise, which is or might be in conflict with the terms or provisions of this Guaranty.

4.4 Guarantor waives and agrees not to assert or take advantage of (a) the defense of the statute of limitations in any action hereunder or in any action for the collection of Guarantor's Liabilities; and (b) any defense that may arise by reason of the incapacity, lack of authority, death or disability of any other person or persons or the failure of Lender to file or enforce a claim against the estate (in administration, bankruptcy or any other proceeding) of any other person or persons.

4.5 Guarantor waives any right to assert against Lender as a defense, counterclaim, setoff, or crossclaim to the payment or performance of Guarantor's Liabilities, any defense (legal or equitable), setoff, counterclaim or claim which Guarantor may now or at any time or times hereafter have against Borrower or any other Person liable to Lender in any way or manner.

4.6 Guarantor hereby waives notice of the following events or occurrences and agrees that Lender may do any or all of the following in such manner, upon such terms and at such times as Lender in its sole and absolute discretion deems advisable, without in any way impairing, affecting, reducing, or releasing Guarantor from Guarantor's Liabilities:

(a) Lender's acceptance of this Guaranty;

(b) Lender's heretofore, now or from time to time hereafter loaning monies or giving or extending credit to or for the benefit of Borrower, whether pursuant to the Loan Agreement or any amendments, modifications, or additions thereto, or alterations or substitutions made heretofore, now or at any time or times hereafter;

(c) Borrower's heretofore, now or at any time or times hereafter granting to Lender security interests, liens or encumbrances in Borrower's assets or Lender's heretofore, now or from time to time hereafter obtaining, substituting for, releasing, waiving or modifying any such security interests, liens or encumbrances;

(d) Lender's heretofore, now or at any time or times hereafter obtaining, releasing, waiving or modifying any other Person's guaranty of Borrower's Liabilities or Borrower's Obligations or any security interest, lien or encumbrance in any other Person's assets given

to Lender to secure such Person's guaranty of Borrower's Liabilities or Borrower's Obligations;

(e) Presentment, demand, notices of default, nonpayment, partial payment and protest, and all other notices or formalities to which Guarantor may be entitled;

(f) Lender's heretofore, now or at any time or times hereafter granting to Borrower (and any other Person liable to Lender on account of Borrower's Liabilities and/or Borrower's Obligations) any indulgences or extensions of time of payment or performance of Borrower's Liabilities and/or Borrower's Obligations; and,

(g) Lender's heretofore, now or at any time or times hereafter accepting from Borrower or any other Person any partial payment or payments on account of Borrower's Liabilities or any collateral securing the payment thereof, or Lender's settling, subordinating, compromising, discharging or releasing the same.

## ARTICLE 5
## DEFAULT

5.1 The occurrence of any one of the following events shall be deemed a default by Guarantor ("Default") under this Guaranty:

(a) If Guarantor fails or neglects to perform, keep or observe any term, provision, condition, covenant, warranty or representation contained in this Guaranty, which is required to be performed, kept or observed by Guarantor;

(b) Occurrence of a default under any other agreement, instrument or document heretofore, now or at any time hereafter delivered by or on behalf of Guarantor to Lender in connection with the Loans;

(c) If Guarantor fails to pay or perform any of Guarantor's Liabilities when the same are due and payable or declared due and payable;

(d) If all or a substantial amount of Guarantor's assets are seized, attached, subjected to a writ of distress warrant, or levied upon, or come within the possession of any receiver, trustee, custodian or assignee for the benefit of creditors;

(e) If a petition under the Bankruptcy Reform Act of 1978 or any similar law or regulation shall be filed by Guarantor;

(f) If Guarantor is enjoined, restrained or in any way prevented by court order from conducting all or any material part of Guarantor's business affairs or if a petition under any section or chapter of the Bankruptcy Reform Act of 1978 or any similar law or regulation is filed against Guarantor and is not dismissed within sixty (60) days after the filing thereof;

(g) If an application is made by Guarantor for the appointment of a receiver, trustee in bankruptcy or custodian for any of Guarantor's assets;

(h) If an application is made by any Person other than Guarantor for the appointment of a receiver or trustee for any of Guarantor's assets;

(i) If a notice of lien, levy or assessment is filed of record with respect to a material portion of Guarantor's assets by the United States or any department, agency or instrumentality thereof, or by any state, county, municipal or other governmental agency, or if any taxes or debts owing at any time or times hereafter to any one of them become a lien or encumbrance upon Guarantor's assets;

(j) If Guarantor is in default in the payment of any obligations or liabilities owed by Guarantor to any Person (other than Guarantor's Liabilities) and such default is declared and is not cured within the time, if any, specified therefor in any agreement governing the same;

(k) The incompetency of Guarantor or the appointment of a conservator or guardian for all or any portion of Guarantor's assets or any collateral securing payment and performance of Guarantor's Liabilities; or

(l) If Guarantor shall die.

5.2 All of Lender's rights and remedies under this Guaranty are cumulative and nonexclusive.

5.3 Upon a Default, without notice by Lender to or demand by Lender of Guarantor, Guarantor's Liabilities shall be due and payable and enforceable against Guarantor, forthwith, at Lender's principal place of business, whether or not Borrower's Liabilities are then due and payable.

5.4 Lender, in its sole and absolute discretion, may exercise any one or more of the following remedies:

(a) If Guarantor's Liabilities are not paid forthwith by Guarantor to Lender at Lender's principal place of business, proceed to suit against Guarantor; at Lender's election, one or more successive or concurrent suits may be brought hereunder by Lender against Guarantor, whether or not suit has been commenced against Borrower, and in any such suit, Borrower may be joined (but need not be joined) as a party with Guarantor; and/or

(b) To the extent applicable, exercise any one or more of the rights and remedies accruing to a secured party under the Uniform Commercial Code of Illinois and any other applicable law upon default by a debtor.

5.5     Guarantor recognizes upon the occurrence of a Default, and if no remedy of law will provide adequate relief to Lender, Lender may obtain injunctive relief in any such case without the necessity of proving actual damages.

5.6     Any and all notices given in connection with this Guaranty shall be deemed adequately given only if in writing and addressed to the party for whom such notices are intended at the address set forth below. All notices shall be sent by personal delivery, Federal Express or other over-night messenger service, first class registered or certified mail, postage prepaid, return receipt requested. A written notice shall be deemed to have been given to the recipient party on the earlier of (a) the date it shall be delivered to the address required by this Guaranty; (b) the date delivery shall have been refused at the address required by this Guaranty; or (c) with respect to notices sent by mail, the date as of which the postal service shall have indicated such notice to be undeliverable at the address required by this Guaranty. Any and all notices referred to in this Guaranty or which either party desires to give to the other, shall be addressed as follows:

| | |
|---|---|
| If to Lender: | NATIONAL CITY BANK OF MICHIGAN/ILLINOIS<br>One North Franklin Street, Suite 3600<br>Chicago, Illinois 60606<br>ATTN: LAURA L. AUWERDA, SENIOR VICE PRESIDENT |
| with a copy to: | ROBBINS, SALOMON & PATT, LTD.<br>25 East Washington Street, Suite 1000<br>Chicago, Illinois 60602<br>ATTN: ANDREW M. SACHS, ESQ. |
| If to Guarantor: | VLADIMIR SKLAROV<br>221 South Ridge Road<br>Lake Forest, Illinois 60007 |
| with a copy to: | DONALD LAVIN, ESQ.<br>95 Revere Drive, Suite J<br>Northbrook, Illinois 60062 |

**ARTICLE 6**
**GENERAL**

6.1     If at any time or times hereafter Lender (1) employs counsel for advice or other representation, (i) to represent Lender in any litigation, contest, dispute, suit, or proceeding or to commence, defend or intervene, or to take any other action in or with respect to any litigation, contest, dispute, suit, or proceeding (whether instituted by Lender, Guarantor, or any other Person) in any way or respect relating to the Loans including, without limitation, the Notes, this Guaranty or Guarantor's affairs, and/or (ii) to enforce any rights of Lender against Borrower or Guarantor or any other Person which may be obligated to Lender by virtue of the Loans, this Guaranty; and/or (2) attempts to enforce or enforces any of Lender's rights or remedies against Guarantor or Borrower,

the reasonable costs, fees and expenses incurred by Lender or any subsequent holder in any manner or way with respect to the foregoing, including, without limitation, reasonable attorneys' fees, shall be part of Guarantor's Liabilities, payable by Guarantor to Lender or any subsequent holder, upon demand.

6.2     This Guaranty is submitted to Lender at Lender's principal place of business in Chicago, Illinois, and shall be deemed to have been made thereat. This Guaranty shall be governed and controlled as to interpretation, enforcement, validity, construction, effect and in all other respects by the laws, statutes and decisions of the State of Illinois. Guarantor, in order to induce Lender to accept this Guaranty, agrees that all actions or proceedings arising directly, indirectly or otherwise in connection with, out of, related to or from this Guaranty shall be litigated, at Lender's sole discretion and election, only in courts having status within the City of Chicago, County of Cook, State of Illinois. Guarantor hereby consents and submits to the jurisdiction of any local, state or federal court located within said city, county and state.

6.3     If any provision of this Guaranty or the application thereof to any Person or circumstance is held invalid or unenforceable, the remainder of this Guaranty and the application of such provision to other Persons or circumstances will not be affected thereby, the provisions of this Guaranty being severable in any such instance.

6.4     Lender's failure at any time hereafter to require strict performance by Guarantor of any provision of this Guaranty shall not waive, affect or diminish any right of Lender to demand strict compliance and performance with the terms hereof. No undertakings, agreements, warranties, covenants, or representations of Guarantor contained in this Guaranty and no Default by Guarantor under this Guaranty shall be deemed to have been suspended or waived by Lender unless such suspension or waiver is by an instrument in writing signed by an officer of Lender and directed to Guarantor specifying such suspension or waiver.

6.5     Guarantor shall cooperate with Lender for the purpose of carrying out the provisions of this Guaranty, taking any reasonable action and executing any agreement, instrument or document which Lender may deem reasonably necessary or advisable to accomplish the purposes hereof.

6.6     Lender may assign, negotiate, pledge or otherwise hypothecate this Guaranty or any of its rights and security hereunder to any bank, participant or financial institution, and in case of such assignment, Guarantor will accord full recognition thereto and agree that all rights and remedies of Lender in connection with the interest so assigned shall be enforceable against Guarantor by such bank, participant or financial institution with the same force and effect and to the same extent as the same would have been enforceable by Lender but for such assignment.

6.7     This Guaranty shall continue in full force and effect until Guarantor's Liabilities are fully paid, performed and discharged, at which point in time Lender shall give Guarantor written notice thereof at the address specified herein. This Guaranty shall remain and continue in full force and effect notwithstanding the institution by or against Borrower or Guarantor of bankruptcy, reorganization, readjustment, receivership or insolvency proceedings of any nature, or the rejection of the documents evidencing and/or securing the Loans in any such proceedings, or otherwise. In

the event any payment by or on behalf of Borrower to Lender is held to constitute a preference under the bankruptcy laws, or if for any other reason Lender is required to refund such payment or pay the amount thereof to any other party, such payment by or on behalf of Borrower to Lender shall not constitute a release of Guarantor from any liability hereunder, but Guarantor agrees to pay such amount to Lender upon demand.

6.8     Guarantor warrants and represents to Lender that Guarantor has read this Guaranty and understand the contents hereof, and that this Guaranty is enforceable against Guarantor in accordance with its terms.

6.9     GUARANTOR HEREBY WAIVES THE RIGHT TO TRIAL BY JURY IN ANY CIVIL ACTION, CLAIM, COUNTERCLAIM, CROSSCLAIM, THIRD-PARTY CLAIM, DISPUTE, DEMAND, SUIT OR PROCEEDING ARISING OUT OF OR IN ANY WAY CONNECTED WITH THIS GUARANTY OR ANY OF THE OBLIGATIONS OF GUARANTOR HEREUNDER, OR ANY RENEWAL, EXTENSION OR MODIFICATION THEREOF, OR ANY CONDUCT OF GUARANTOR OR LENDER RELATING THERETO, AND THAT ANY SUCH ACTION, CLAIM, COUNTERCLAIM, CROSSCLAIM, THIRD-PARTY CLAIM, DISPUTE, DEMAND, SUIT OR PROCEEDING SHALL BE TRIED BEFORE A JUDGE AND NOT BEFORE A JURY.

IN WITNESS WHEREOF, this Guaranty has been executed and delivered by Guarantor in favor of Lender as of the day and year first above written.

GUARANTOR:

_____
VLADIMIR SKLAROV