# EXHIBIT B

## GUARANTY OF PAYMENT AND COMPLETION

THIS GUARANTY OF PAYMENT AND COMPLETION ("Guaranty") is dated and effective as of the \_4th\_ day of April, 2004, by the undersigned, VLADIMIR SKLAROV ("V. Sklarov"), SHARON SKLAROV ("S. Sklarov") and the SKLAROV REVOCABLE CHILDRENS TRUST DATED FEBRUARY 17, 1998 ("Trust") (V. Sklarov, S. Sklarov and the Trust are collectively referred to herein as "Guarantors" and individually referred to herein as "Guarantor"), to NATIONAL CITY BANK OF MICHIGAN/ILLINOIS ("Lender") and has reference to the following facts and circumstances:

A. Pursuant to the terms of the Acquisition and Construction Loan Agreement of an even date herewith, by and between LP XXIV, LLC, an Illinois limited liability company ("Borrower") and Lender ("Loan Agreement"), Lender has agreed to make a loan to Borrower in the amount of THIRTEEN MILLION EIGHT HUNDRED NINETY THOUSAND DOLLARS ($13,890,000.00) ("Loan");

B. The Loan is evidenced by a Note of an even date herewith executed by Borrower in the original principal amount of THIRTEEN MILLION EIGHT HUNDRED NINETY THOUSAND DOLLARS ($13,890,000) ("Note");

C. The Trust is the sole member of Borrower and Guarantors each have a financial interest in Borrower and in the real estate, fixtures, personal property and all other types of property constituting the subject matter of the Loan, and it will be to the Guarantors' direct interest and financial advantage to enable the Borrower to obtain the Loan, advances and other financial assistance from Lender; and

D. Lender, as a condition precedent to making the Loan, advances, extensions of credit and/or other financial accommodations to or for the benefit of Borrower, is requiring that Guarantors execute and deliver this Guaranty in favor of Lender and Guarantors agree to execute and deliver this Guaranty.

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which hereby are acknowledged, each Guarantor hereby jointly and severally agrees as follows:

1. **Guaranty of Payment.** Each Guarantor hereby unconditionally and irrevocably guaranties to Lender, jointly and severally, the punctual payment and performance when due, whether at stated maturity or by acceleration or otherwise, of the indebtedness and other obligations of Borrower to Lender evidenced by the Note and any other amounts that may become owing by Borrower under the Loan Documents (such indebtedness, obligations and other amounts are hereinafter referred to as "Payment Obligations"). This Guaranty is a present and continuing guaranty of payment and not of collectibility, and Lender shall not be required to prosecute collection, enforcement or other remedies against Borrower or any other guarantor of the Payment Obligations, or to enforce or resort to any collateral for the repayment of the Payment Obligations

813626
04/16/04

1

or other rights or remedies pertaining thereto, before calling on Guarantors for payment. If for any reason Borrower shall fail or be unable to pay, punctually and fully, any of the Payment Obligations, Guarantors shall pay such obligations to Lender in full immediately upon demand. One or more successive actions may be brought against any or all of the Guarantors, as often as Lender deems advisable, until all of the Payment Obligations are paid and performed in full. The Payment Obligations, the Construction Obligations (defined below), together with all other payment and performance obligations of Guarantors hereunder, are collectively referred to herein as "Guarantors' Obligations".

2. **Performance Guaranty.**

(a) Each Guarantor absolutely, unconditionally and irrevocably undertakes and guarantees, for the benefit of Lender and each and every present and future holder or holders of the Note or assignee or assignees of the Loan Documents, that all construction obligations of Borrower for completion of the Project in accordance with the Plans and Specifications, all Leases and the Loan Documents (referred to herein as "Construction Obligations") shall be completed in accordance with the terms and conditions contained in the Loan Agreement, free and clear of any and all liens, charges, security interests and claims of any kind and nature whatsoever. Each Guarantor shall cause the Construction Obligations to be performed, completed and paid for in the manner and at the applicable times required to be so performed, completed and paid for by Borrower under the Loan Agreement, to the extent that Borrower fails to do so at any and all applicable times.

(b) Upon the occurrence of an Event of Default by Borrower under the Loan Documents, each Guarantor agrees that within ten (10) days after written demand by the Lender ("Demand Notice") to commence performance of the Construction Obligations and to diligently pursue performance thereof to completion, as described below. Each Guarantor shall indemnify, defend and hold Lender harmless from and against any and all loss, damage, cost, expense, injury or liability Lender may suffer or incur in connection with third party claims brought as a result of Guarantors' performance of the Construction Obligations. If Guarantors fail to commence and pursue diligently the performance of the Construction Obligations within ten (10) days after their receipt of a Demand Notice, then, either before or after pursuing any other remedy of Lender against Guarantors or Borrower and regardless of whether Lender shall ever pursue any such other remedy, Lender shall have the right to complete the Construction Obligations, or call upon any other reputable parties to complete the Construction Obligations, in accordance with the Plans and Specifications (as may be modified in accordance with the terms of the Loan Agreement) and shall have the right to expend such sums as Lender in its discretion deems proper in order so to complete the Construction Obligations. During the course of any construction undertaken by Lender or by any other party on behalf of Lender, Guarantors shall pay on demand any amounts due to the Contractor Parties and other material suppliers and for permits and licenses necessary to complete the Construction Obligations. Lender at any time may require Guarantors to perform or supervise the performance of such work in lieu of Lender or any party engaged by Lender. Guarantors' obligations in connection with such work shall not be affected by any errors or omissions of Borrower, any Contractor Party, the architect or any agent or

employee of any of them in design, supervision or performance of the work, it being understood that such risk is assumed by Guarantors. Neither the completion of the Construction Obligations nor failure of said parties to complete the Construction Obligations shall relieve Guarantors of any liabilities hereunder; rather, such liability shall be continuing, and may be enforced by Lender to the end that the Construction Obligations shall be completed timely as contemplated by the Loan Agreement, the Leases and the Plans and Specifications, lien-free, without loss, expense, injury or liability of any kind to Lender.

(c) For purposes of this Section 2, the Construction Obligations shall be deemed to be completed upon receipt by Lender of (i) certificates of completion from Lender's Project Consultant attesting to substantial completion of the Construction Obligations, (ii) issuance of final certificates of occupancy with respect to the Project issued by the applicable governmental authority; (iii) estoppel certificates from such tenants under leases at the Project as Lender may request, evidencing acceptance of the tenants' space in accordance with the terms of their respective Leases and indicating that no defaults have occurred under such Leases, and (iv) construction date-down and interim mechanics' lien endorsements to the Title Policy, insuring the continuing validity and priority of the Mortgage for the full amount of the Loan theretofore disbursed, excepting only such items as shall be permitted under the Loan Agreement, and insuring over mechanics' and materialmen's liens arising (or which may arise) from work performed and materials supplied in connection with the construction of the Construction Obligations prior to the date of satisfaction of the conditions described in clauses (i) and (ii) above.

3. **Representations and Warranties.** The following shall constitute representations and warranties of each Guarantor and each Guarantor hereby acknowledges that Lender intends to make the Loan in reliance thereon:

(a) No Guarantor is in default and no event has occurred that with the passage of time and/or the giving of notice will constitute a default under any agreement to which any Guarantor is a party, the effect of which will impair performance by such Guarantor of his obligations under this Guaranty. Neither the execution and delivery of this Guaranty nor compliance with the terms and provisions hereof will violate any applicable law, rule, regulation, judgment, decree or order, or will conflict with or result in any breach of any of the terms, covenants, conditions or provisions of any indenture, mortgage, deed of trust, instrument, document, agreement or contract of any kind that creates, represents, evidences or provides for any lien, charge or encumbrance upon any of the property or assets of any Guarantor, or any other indenture, mortgage, deed of trust, instrument, document, agreement or contract of any kind to which any Guarantor is a party or to which any Guarantor or the property of any Guarantor may be subject.

(b) There is not any litigation, arbitration, governmental or administrative proceedings, actions, examinations, claims or demands pending, or to any Guarantor's knowledge, threatened that could adversely affect performance by such Guarantor of his obligations under this Guaranty.

    (c)    Neither this Guaranty nor any statement or certification as to facts previously furnished or required herein to be furnished to Lender by any Guarantor, contains any material inaccuracy or untruth in any representation, covenant or warranty or omits to state a fact material to this Guaranty.

    4.    **Continuing Guaranty.**  Each Guarantor agrees that performance of Guarantors' Obligations by Guarantors shall be a primary obligation, shall not be subject to any counterclaim, set-off, abatement, deferment or defense based upon any claim that any Guarantor may have against Lender, Borrower, any other guarantor of the Loan or any other person or entity, and shall remain in full force and effect without regard to, and shall not be released, discharged or affected in any way by any circumstance or condition (whether or not any Guarantor shall have any knowledge thereof), including without limitation:

    (a)    any lack of validity or enforceability of any of the Loan Documents;

    (b)    any termination, amendment, modification or other change in any of the Loan Documents, including, without limitation, any modification of the interest rate(s) described therein;

    (c)    any furnishing, exchange, substitution or release of any collateral securing repayment of the Loan, or any failure to perfect any lien in such collateral;

    (d)    any failure, omission or delay on the part of Borrower, any Guarantor, any other guarantor of the Loan or Lender to conform or comply with any term of any of the Loan Documents or any failure of Lender to give notice of any Event of Default;

    (e)    any waiver, compromise, release, settlement or extension of time of payment or performance or observance of any of the obligations or agreements contained in any of the Loan Documents;

    (f)    any action or inaction by Lender under or in respect of any of the Loan Documents, any failure, lack of diligence, omission or delay on the part of Lender to perfect, enforce, assert or exercise any lien, security interest, right, power or remedy conferred on it in any of the Loan Documents, or any other action or inaction on the part of Lender;

    (g)    any voluntary or involuntary bankruptcy, insolvency, reorganization, arrangement, readjustment, assignment for the benefit of creditors, composition, receivership, liquidation, marshalling of assets and liabilities or similar events or proceedings with respect to Borrower, any Guarantor or any other guarantor of the Loan, as applicable, or any of their respective property or creditors, or any action taken by any trustee or receiver or by any court in any such proceeding;

    (h)    any merger or consolidation of Borrower into or with any other entity, or any sale, lease or transfer of any of the assets of Borrower, any Guarantor or any other guarantor of the Loan to any other person or entity;

    (i)    any change in the ownership of Borrower or any change in the relationship between or among Borrower, any Guarantor or any other guarantor of the Loan, or any termination of any such relationship;

    (j)    any release or discharge by operation of law of Borrower, any Guarantor or any other guarantor of the Loan from any obligation or agreement contained in any of the Loan Documents;

    (k)    any death of an individual Guarantor or the dissolution of the Trust; or

    (l)    any other occurrence, circumstance, happening or event, whether similar or dissimilar to the foregoing and whether foreseen or unforeseen, which otherwise might constitute a legal or equitable defense or discharge of the liabilities of a guarantor or surety or which otherwise might limit recourse against Borrower or any Guarantor, to the fullest extent permitted by law.

    5.    **Waivers.** Each Guarantor expressly and unconditionally waives (i) notice of any of the matters referred to in Section 4 above, (ii) to the fullest extent permitted by law, all notices which may be required by statute, rule of law or otherwise, now or hereafter in effect, to preserve intact any rights against any Guarantor, including, without limitation, any demand, presentment and protest, proof of notice of non-payment under any of the Loan Documents and notice of any Event of Default or any failure on the part of Borrower, any Guarantor or any other guarantor of the Loan to perform or comply with any covenant, agreement, term or condition of any of the Loan Documents, (iii) any right to the enforcement, assertion or exercise against Borrower, any Guarantor or any other guarantor of the Loan of any right or remedy conferred under any of the Loan Documents, (iv) any requirement of diligence on the part of any person or entity, (v) any requirement to exhaust any remedies or to mitigate the damages resulting from any default under any of the Loan Documents, and (vi) any notice of any sale, transfer or other disposition of any right, title or interest of Lender under any of the Loan Documents.

    6.    **Subordination.** Each Guarantor agrees that any and all present and future debts and obligations of Borrower to such Guarantor hereby are subordinated to the claims of Lender and hereby are assigned by such Guarantor to Lender, as security for Guarantors' Obligations and Borrower's obligations to Lender under this Guaranty, the Loan Agreement, the Note and the other Loan Documents.

    7.    **Subrogation Waiver.** Until the Loan is repaid in full and all periods under applicable bankruptcy law for the contest of any payment by any Guarantor or Borrower as a preferential or fraudulent payment have expired, each Guarantor knowingly, and with advice of counsel, waives, relinquishes, releases and abandons all rights and claims to indemnification, contribution, reimbursement, subrogation and payment which such Guarantor may now or hereafter have by and from Borrower and the successors and assigns of Borrower, for any payments made by such Guarantor to Lender, including, without limitation, any rights which might allow Borrower, Borrower's successors, a creditor of Borrower, or a trustee in bankruptcy of Borrower to claim in bankruptcy or any other similar proceedings that any payment made by Borrower or Borrower's

successors and assigns to Lender was on behalf of or for the benefit of any Guarantor and that such payment is recoverable by Borrower, a creditor or trustee in bankruptcy of Borrower as a preferential payment, fraudulent conveyance, payment of an insider or any other classification of payment which may otherwise be recoverable from Lender.

8. **Reinstatement.** The obligations of Guarantors pursuant to this Guaranty shall continue to be effective or automatically be reinstated, as the case may be, if at any time payment of any of Borrower's obligations to Lender under this Guaranty, the Loan Agreement, the Note and the other Loan Documents or Guarantors' Obligations is rescinded or otherwise must be restored or returned by Lender upon the insolvency, bankruptcy, dissolution, liquidation or reorganization of any Guarantor or Borrower or otherwise, all as though such payment had not been made.

9. **Transfers, Sales, Etc.** No Guarantor shall sell, lease, transfer, convey or assign any of its assets, unless (a) if a Guarantor is an individual, such sale, lease, transfer, conveyance or assignment is to an unaffiliated third party for fair value, or (b) if a Guarantor is a corporation, such sale, lease, transfer, conveyance or assignment is performed in the ordinary course of its business consistent with past practices, and, in the case of any Guarantor, will not have a material adverse effect on the business or financial condition of such Guarantor or such Guarantor's ability to perform all obligations hereunder. In addition, if a Guarantor is a corporation, such Guarantor shall neither become a party to any merger or consolidation, nor, except in the ordinary course of its business consistent with past practices, acquire all or substantially all of the assets of, a controlling interest in the stock of, or a partnership or joint venture interest in, any other entity.

10. **Enforcement Costs.** If: (a) this Guaranty, is placed in the hands of one or more attorneys for collection or is collected through any legal proceeding; (b) one or more attorneys is retained to represent Lender in any bankruptcy, reorganization, receivership or other proceedings affecting creditors' rights and involving a claim under this Guaranty, or (c) one or more attorneys is retained to represent Lender in any other proceedings whatsoever in connection with this Guaranty, then each Guarantor shall pay to Lender, upon demand, all fees, costs and expenses incurred by Lender in connection therewith, including, without limitation, reasonable attorneys' fees, court costs and filing fees (all of which are referred to herein as "Enforcement Costs"), in addition to all other amounts due hereunder.

11. **Successors and Assigns; Joint and Several Liability.** This Guaranty shall inure to the benefit of Lender and its successors and assigns. This Guaranty shall be binding on each Guarantor and the heirs, legatees, legal representatives, successors and assigns of such Guarantor. This Guaranty be the joint and several undertaking of each Guarantor. Regardless of whether this Guaranty is executed by more than one person, it is agreed that the undersigned's liability hereunder is several and independent of any other guarantees or other obligations at any time in effect with respect to the Loan or any part thereof and that each Guarantor's liability hereunder may be enforced regardless of the existence, validity, enforcement or non-enforcement of any such other guarantees or other obligations.

12. **No Waiver of Rights.** No delay or failure on the part of Lender to exercise any right, power or privilege under this Guaranty or any of the other Loan Documents shall operate as

a waiver thereof, and no single or partial exercise of any right, power or privilege shall preclude any other or further exercise thereof or the exercise of any other power or right, or be deemed to establish a custom or course of dealing or performance between the parties hereto. The rights and remedies herein provided are cumulative and not exclusive of any rights or remedies provided by law. No notice to or demand on any Guarantor in any case shall entitle such Guarantor to any other or further notice or demand in the same, similar or other circumstance.

13. **Modification.** The terms of this Guaranty may be waived, discharged, or terminated only by an instrument in writing signed by the party against which enforcement of the change, waiver, discharge or termination is sought. No amendment, modification, waiver or other change of any of the terms of this Guaranty shall be effective without the prior written consent of Lender.

14. **Joinder.** Any action to enforce this Guaranty may be brought against any one or all of the Guarantors without any reimbursement or joinder of Borrower, any other Guarantor or any other guarantor of the Loan in such action.

15. **Severability.** If any provision of this Guaranty is deemed to be invalid by reason of the operation of law, or by reason of the interpretation placed thereon by any administrative agency or any court, Guarantors and Lender shall negotiate an equitable adjustment in the provisions of the same in order to effect, to the maximum extent permitted by law, the purpose of this Guaranty and the validity and enforceability of the remaining provisions, or portions or applications thereof, shall not be affected thereby and shall remain in full force and effect.

16. **Applicable Law.** This Guaranty is governed as to validity, interpretation, effect and in all other respects by laws and decisions of the State of Illinois.

17. **Notice.** All notices, communications and waivers under this Guaranty shall be in writing and shall be (i) delivered in person or (ii) mailed, postage prepaid, either by registered or certified mail, return receipt requested, or (iii) by overnight express carrier, addressed in each case as follows:

| | |
|---|---|
| To Lender: | National City Bank of Michigan/Illinois<br>One North Franklin Street, Suite 3600<br>Chicago, Illinois 60606<br>Attn: Laura L. Auwerda, Senior Vice President |
| With copies to: | Robbins, Salomon & Patt, Ltd.<br>25 East Washington Street<br>Suite 1000<br>Chicago, Illinois 60602<br>Attn: Andrew M. Sachs, Esq. |

|  |  |
|---|---|
| to Guarantors: | Sklarov Revocable Childrens Trust dated February 17, 1998<br>Sharon Sklarov<br>Vladimir Sklarov<br>221 South Ridge Road<br>Lake Forest, Illinois 60045 |
| With copies to: | Donald S. Lavin, Esq.<br>95 Revere Drive, Suite J<br>Northbrook, Illinois 60062 |

or to any other address as to any of the parties hereto, as such party shall designate in a written notice to the other party hereto. All notices sent pursuant to the terms of this Section 17 shall be deemed received (i) if personally delivered, then on the date of delivery, (ii) if sent by overnight, express carrier, then on the next federal banking day immediately following the day sent, or (iii) if sent by registered or certified mail, then on the earlier of the third federal banking day following the day sent or when actually received.

    18. **CONSENT TO JURISDICTION. TO INDUCE LENDER TO ACCEPT THIS GUARANTY, EACH GUARANTOR IRREVOCABLY AGREES THAT, SUBJECT TO LENDER'S SOLE AND ABSOLUTE ELECTION, ALL ACTIONS OR PROCEEDINGS IN ANY WAY ARISING OUT OF OR RELATED TO THIS GUARANTY WILL BE LITIGATED IN COURTS HAVING SITUS IN CHICAGO, ILLINOIS. EACH GUARANTOR HEREBY CONSENTS AND SUBMITS TO THE JURISDICTION OF ANY COURT LOCATED WITHIN CHICAGO, ILLINOIS, WAIVES PERSONAL SERVICE OF PROCESS AND AGREES THAT ALL SUCH SERVICE OF PROCESS MAY BE MADE BY REGISTERED MAIL DIRECTED TO SUCH GUARANTOR AT THE ADDRESS STATED HEREIN AND SERVICE SO MADE WILL BE DEEMED TO BE COMPLETED UPON ACTUAL RECEIPT.**

    19. **WAIVER OF JURY TRIAL. EACH GUARANTOR AND LENDER (BY ACCEPTANCE HEREOF), HAVING BEEN REPRESENTED BY COUNSEL, KNOWINGLY AND VOLUNTARILY WAIVE ANY RIGHT TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING TO ENFORCE OR DEFEND ANY RIGHTS UNDER THIS GUARANTY OR UNDER ANY AMENDMENT, INSTRUMENT, DOCUMENT OR AGREEMENT DELIVERED OR WHICH MAY IN THE FUTURE BE DELIVERED IN CONNECTION HEREWITH AND AGREE THAT ANY SUCH ACTION OR PROCEEDING WILL BE TRIED BEFORE A COURT AND NOT BEFORE A JURY. EACH GUARANTOR AGREES THAT HE WILL NOT ASSERT ANY CLAIM AGAINST LENDER ON ANY THEORY OF LIABILITY FOR SPECIAL, INDIRECT, CONSEQUENTIAL, INCIDENTAL OR PUNITIVE DAMAGES.**

IN WITNESS WHEREOF, this Guaranty has been executed and delivered by Guarantors in favor of Lender as of the day and year first above written.

GUARANTORS:

_____
VLADIMIR SKLAROV

_____
SHARON SKLAROV

SKLAROV REVOCABLE CHILDRENS TRUST
DATED FEBRUARY 17, 1998

By:_____
    VLADIMIR SKLAROV, Trustee